# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERARDO VAZQUEZ, ON BEHALF OF
HIMSELF AND ALL OTHER SIMILARLY
SITUATED EMPLOYEES,

                  **Plaintiffs,**

-vs-                                                  **Case No.  6:05-cv-59-Orl-28DAB**

LCM INVESTMENT GROUP, INC.,
DELTA DRIVERS SERVICE, INC.,  LUIS
CAAMANO,

                  **Defendants.**
_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES (Doc. No. 33)** |
| **FILED:** | **July 14, 2006** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **PLAINTIFFS' MOTION TO AMEND COMPLAINT [TO ADD 16 PLAINTIFFS] (Doc. No. 34)** |
| **FILED:** | **July 14, 2006** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

Plaintiff filed suit under the Fair Labor Standards Act in January 2005.  Doc. No. 1.  Plaintiff waited thirteen months after suit was filed and well after the deadline to amend pleadings of May 16, 2005, to seek conditional certification for a collective action in February 2006.  This Court recommended that conditional certification be denied and the only two additional claimants then-identified (de Souza and Molineros) be added to the case.  In filing his objections to the recommendation on June 16, 2006, Plaintiff belatedly identified sixteen others who wished to opt into the case.  Judge Antoon adopted this Court's recommendation, denied the motion for conditional certification (but allowed the first two identified drivers to opt in), and denied the alternative relief that Plaintiff sought, *i.e.*, to allow the other sixteen drivers to be added as plaintiffs.  Doc. No. 32.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings "by leave of court" and directs that "leave shall be freely given when justice so requires."  The Eleventh Circuit has observed, "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981).  To further this policy, generally a district court may deny a motion for leave to amend only if there is a "substantial reason."  *Id.*

However, the liberal amendment policy of Rule 15(a) is bounded by the deadlines set forth in the trial court's scheduling order entered pursuant to Federal Rule of Civil Procedure 16.  Federal Rule of Civil Procedure 16(b) mandates that a district court "enter a scheduling order that limits the time . . . to amend the pleadings."  The object of Rule 16(b) is to "assure that at some point . . . the pleadings will be fixed."  FED. R. CIV. P. 16 advisory committee's note; *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).  Rule 16(e) holds that the scheduling order "shall control the subsequent course of the action," and Rule 16(f) prescribes sanctions for

-2-

noncompliance.  FED. R. CIV. P. 16(e) & (f).  A scheduling order may be modified only upon a showing of good cause.  FED. R. CIV. P. 16(b).  The liberal language and policy of Rule 15(a), requiring the court to grant leave to amend the pleadings "when justice so requires," seemingly conflicts with Rule 16(b) when the motion for leave to amend is filed *after* the expiration of the time limited by the scheduling order for that purpose.

As the Eleventh Circuit held in analyzing the interaction between the two Rules in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), a movant seeking leave to amend must first demonstrate good cause under Rule 16(b) before the court will consider whether an amendment is proper under Rule 15(a).  In *Sosa*, appellant sought review of the trial court's denial of a motion for leave to amend the pleadings which was filed after the expiration of the period designated in the scheduling order.  *Id.* at 1418.  The court rejected appellant's argument that the amendment should have been allowed under the lenient standard contained in Rule 15(a).  The court explained that, because the motion to amend was filed after the scheduling order's deadline, the movant was required to first demonstrate good cause under Rule 16(b).  *Id.*; *see also Parker*, 204 F.3d at 340 (moving party must establish good cause if leave to amend is sought after scheduling order deadline has run); *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437 (8th Cir. 1999) (same).  To consider "Rule 15(a) without regard to Rule 16(b) . . . would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa*, 133 F.3d at 1419; *Lord v. Fairway Elec. Corp.*, 223 F. Supp.2d 1270, 1277-78 (M.D. Fla. 2002) (Antoon, J.) (denying plaintiff's untimely motion for leave to file a second amended complaint); *Moyer v. Walt Disney World Co.*, 146 F. Supp.2d 1249, 1253 (M.D. Fla. 2000) (denying plaintiff's untimely motion for leave to amend for plaintiff's failure to show good cause to modify the

scheduling order); *Thorn v. Blue Cross and Blue Shield of Florida, Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (denying defendant's motion to amend affirmative defenses after scheduling order deadline for lack of good cause).

To establish good cause sufficient to justify modification of a scheduling order, the movant must demonstrate that the scheduling order deadline could not have been met "'despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1419 (quoting FED. R. CIV. P. 16 advisory committee's note).  In a case that followed *Sosa*, Judge Antoon summarized the considerations that influenced the finding of a lack of diligence in *Sosa*:

> 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring the information, the plaintiff delayed in asking for amendment.

*Lord*, 223 F. Supp.2d at 1277.

Apparently in an effort to receive reconsideration of Judge Antoon's order which did not allow the additional sixteen potential plaintiffs to opt in, Plaintiff subsequently filed this Motion to Amend Complaint to add the additional sixteen drivers.  The Motion was filed on July 14, 2006, eighteen months after suit was filed.  Doc. No. 34.  Plaintiff concedes that "soon after Defendants filed an answer," Plaintiff's counsel knew, and advised Defendants' counsel, that eighteen other drivers wanted to join in the case.  Doc. No. 34-1 at 1.  Plaintiff contends that he withheld filing the sixteen consent to act authorizations from the sixteen additional drivers, because if all eighteen drivers had filed their consent forms or been named in the complaint as additional plaintiffs, Plaintiff could not show to the Court the existence of other similarly situated individuals who wanted to join in the collective action.  Doc. No. 34-1 at 5.  This makes no sense; either there were significantly more than

sixteen potential drivers affected by Defendants' policies sufficient to support a collective action, or there were only sixteen who should opt-in and no expanded collective action was necessary. Holding back the identities of sixteen additional drivers was a tactical decision by Plaintiff's counsel. Plaintiff also weakly argues that it was "logical" to hold off on having the other sixteen drivers sign the consent forms after the Court approved the form. *Id.* Since Plaintiff had no trouble having two additional drivers, de Souza and Molineros, sign six-paragraph affidavits in conjunction with the Motion to certify a collective action (*see* Doc. No. 19-4, 19-5), the Court finds this argument to be disingenuous. In light of the applicable legal standards, the Court finds that Plaintiff has failed to meet his burden to show good cause or diligence in seeking the untimely amendment to add the sixteen Plaintiffs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on August 3, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record